IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                  Case No.  22-10103-JWB

ANNALI L. VANARSDALE,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's motion to dismiss, release, or compel.  (Doc. 26.)  The motion has been fully briefed and is ripe for decision.  (Doc. 27.)  Defendant's motion is DENIED for the reasons stated herein.

## I.  Facts and Procedural History

On December 7, 2022, Defendant was charged by way of a complaint with bank robbery.  (Doc. 1.)  Defendant was later indicted on that same charge on December 20 and ordered detained pending trial.  (Doc. 10.)  On December 30, Magistrate Judge Gale entered an order which allowed Defendant a temporary furlough to obtain mental health treatment at an inpatient hospital.  (Doc. 18.)  That attempt at treatment failed and defense counsel filed a motion pursuant to 18 U.S.C. § 4241(a) to determine Defendant's mental competency.  (Doc. 21 at 1.)  Defense counsel requested that the court commit Defendant pursuant to § 4241(d) because Defendant was suffering from a mental disease rendering her incompetent.  According to the motion, defense counsel had hoped to avoid this approach due to the "lengthy delay of transporting [Defendant] to a BOP facility."  (Doc. 21 at 1.)  On February 1, 2023, Magistrate Judge Gale entered an order granting the motion and committing Defendant to the custody of the Attorney General for evaluation and treatment

pursuant to § 4241(d).  (Doc. 24.)  Magistrate Judge Gale found reasonable cause to believe Defendant was incompetent and ordered her commitment to determine whether there is a substantial probability that she will attain capacity to continue the proceedings.  The order required the Attorney General to transport Defendant to a Federal Medical Center ("FMC") as designated by the Bureau of Prisons and then provide treatment in a suitable facility.

On May 31, Defendant filed a motion to dismiss, release, or compel her treatment.  At that time, Defendant was still in the county jail waiting to be designated to an FMC.  On June 21, the government filed a response in opposition and notified the court that Defendant was in route to FMC Carswell.  The court has also received correspondence indicating that Defendant arrived at the facility in late June 2023.

## II.    Analysis

Defendant argues that the time limits set forth in § 4241 have since expired and, as a result, the indictment must be dismissed.  Although Defendant states that she has not waived her right to a speedy trial under the Sixth Amendment, she does not argue that there has been a violation of that right or of the Speedy Trial Act in her motion.  The court will briefly address speedy trial. Under the Speedy Trial Act, 18 U.S.C. § 3161 (the "Act"), a criminal defendant's trial is to begin within 70 days of the filing of the indictment or "from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Multiple exceptions to the 70-day limit are set forth in the statute, including § 3161(h)(4), which excludes any "period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial," and § 3161(h)(1)(A), which excludes "any period of delay resulting from other proceedings concerning the defendant, including but not limited to ... delay resulting from any proceeding, including any examinations, to determine the

mental competency or physical capacity of the defendant." 18 U.S.C. § 3161(h)(1)(A). Because the order entered by Magistrate Judge Gale on February 1, 2023, determined that the evidence supported a finding of incompetency and ordered her treatment, any period of delay is excluded under the Act. § 3161(h)(4). Therefore, because 70 days of non-excludable time had not passed prior to February 1, 2023, there is no violation of the Act. Further, although Defendant has not asserted a violation, the Sixth Amendment guarantees a defendant the right to a speedy trial. However, "[i]t is unusual to find a Sixth Amendment violation when the Speedy Trial Act has been satisfied." *United States v. Koerber*, 10 F.4th 1083, 1109 (10th Cir. 2021), *cert. denied*, 143 S. Ct. 326 (2022) (citation omitted). Moreover, a delay of several months would not provide a basis for a violation of the Sixth Amendment as it is not presumptively prejudicial. *See United States v. Batie*, 433 F.3d 1287, 1290 (10th Cir. 2006) (discussing that a delay of one year is generally long enough to establish presumptive prejudice).

The court next turns to the statute at issue in Defendant's motion, the Insanity Defense Reform Act ("IDRA"), 18 U.S.C. § 4241, which provides that incompetent defendants may be hospitalized to determine whether their competency may be restored. Before ordering the commitment for treatment, a court must find by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense. If the court so finds, as it did in this case, the court shall commit the defendant to the custody of the Attorney General.

The IDRA provides as follows:

The Attorney General shall hospitalize the defendant for treatment in a suitable facility--

(1) for such a reasonable period of time, not to exceed four months, as is necessary
to determine whether there is a substantial probability that in the foreseeable future
he will attain the capacity to permit the proceedings to go forward; and
(2) for an additional reasonable period of time until--
(A) his mental condition is so improved that trial may proceed, if the court finds
that there is a substantial probability that within such additional period of time he
will attain the capacity to permit the proceedings to go forward; or
(B) the pending charges against him are disposed of according to law;
whichever is earlier.

18 U.S.C.A. § 4241(d).

The statutory time period to make the initial determination must not exceed four months.
Defendant argues that the four-month deadline has expired while she has awaited transportation.
In response, the government argues that the time awaiting the bed space for a suitable facility and
transportation to that facility are not included in the four-month time limit.

There is some conflict in the courts as to whether the four-month time period encompasses
the time period at issue here.  Based upon the court's review and the parties' cited authority, the
majority of courts have determined that the statute's four-month clock does not start until the
defendant is committed to a medical facility.  S*ee United States v. Donnelly*, 41 F.4th 1102, 1106
(9th Cir. 2022); *United States v. Lara*, ---F. Supp.3d---, 2023 WL 3168646, at *3 (D.N.M. Apr.
28, 2023).[1]  The District Court for the District of Columbia, however, has held that the four-month
period begins upon the court committing the defendant to the custody of the Attorney General.
*See United States v. Carter*, 583 F. Supp. 3d 94, 101 (D.D.C. 2022).

The court agrees with the majority of the courts confronting this issue.  The plain language
of the statute states that a defendant shall be "hospitalize[d] ... for treatment...not to exceed four
months...."  18 U.S.C.A. § 4241(d).  The statutory language clearly ties the statutory time period

---

[1] Courts finding that the time period prior to hospitalization is not included in the statutory time period have typically
required that this pre-hospitalization time period is reasonable to comport with a defendant's due process rights. *See,
e.g., Donnelly*, 41 F.4th at 1106.

to the hospitalization.  *See Lara*, ---F. Supp.3d---, 2023 WL 3168646, at \*3 (D.N.M. Apr. 28, 2023) ("This [statutory] language is specific and expressly ties the stated timeframe (four months) to the period of *hospitalization*, not the period Defendant spends in the custody of the Attorney General before admittance to a Bureau of Prisons (BOP) facility.") (emphasis in original). Therefore, contrary to Defendant's argument, the statutory language does not support a finding that the four month period begins to run at the time an order is entered under § 4241(d).  As a result, Defendant has failed to show that the government failed to comply with § 4241(d).  Further, Defendant does not raise a colorable argument under the Act or the Sixth Amendment.

Alternatively, during the hearing on this matter, Defendant argued that the delay in transportation violates her due process rights, citing to *United States v. Lara*, No. 21-1930, 2023 WL 3304284 (D.N.M. May 8, 2023) and 2023 WL 3316274 (D.N.M. May 5, 2023).  In *Lara*, the court held that the "Constitution does not permit any portion of a defendant's commitment under 18 U.S.C. § 4241(d) to last indefinitely." *Lara*, 2023 WL 3168646, \*4 (quoting *Donnelly*, 41 F.4th at 1106).  The Supreme Court has held that the "indefinite commitment of a criminal defendant solely on account of his incompetency to stand trial does not square with the Fourteenth Amendment's guarantee of due process." *Jackson v. Indiana*, 406 U.S. 715, 731 (1972).  *Lara* and other courts have read *Jackson* to require that the time for transportation to treatment to restore competency must be reasonable to comport with due process.  The Tenth Circuit has yet to address whether a delay in transportation for treatment could violate a defendant's due process rights.[2]

---

[2] The Tenth Circuit has held that a violation of another time provision in the IDRA does not violate the Speedy Trial Act because Congress did not intend for the IDRA to modify the time exclusions under the Act.  *See United States v. Taylor*, 353 F.3d 868, 869 (10th Cir.2003), *cert. denied*, 541 U.S. 1018 (2004) (citing 18 U.S.C. § 4247(b)).  Further, the Tenth Circuit reiterated that Congress did not provide an express remedy for a violation of the time periods in the IDRA.  *Id.*

Although Defendant suggests that the delay in this case violates her due process rights, the court is not persuaded.  Notably, Defendant's position here is that the delay in transportation to treatment was unreasonable because she is being detained for charges on which she has not yet been brought to trial and no statute authorizes her continued detention.  As discussed, Defendant has not and (at this time) cannot establish a violation of the IDRA, the Speedy Trial Act, or the Sixth Amendment.  Those laws specifically speak to the arguments being raised by Defendant. While the court recognizes the Supreme Court's holding in *Jackson*, the due process argument in that case involved the indefinite detention of an incompetent defendant, which is different than the question presented here.  *See Jackson*, 406 U.S. at 719.  Moreover, even if Defendant could persuade the court that her due process rights have been violated, Defendant fails to provide any authority for the proposition that a four month delay in transportation must be remedied by a dismissal of the indictment.  Rather, the remedy routinely issued by courts is an order requiring the government to admit the defendant to a suitable facility within a specified time period.  *See Lara*, 2023 WL 3168646, at *6 (citing cases)[3]; *see also Donnelly*, 41 F.4th at 1106 (ordering hospitalization within seven days); *See United States v. Leusogi*, No. 2:21-CR-32-TS, 2022 WL 11154688, at *3 (D. Utah Oct. 19, 2022)).  Such a remedy is not necessary here as Defendant has already been transferred to the facility.

Therefore, Defendant's motion to dismiss the indictment is denied.

Moreover, the court notes that Defendant's request for relief specifically asked the court to "either dismiss the case, or release her from custody, or alternatively, compel the government to comply with the statute within seven days."  (Doc 26 at 2.)  Defendant is on notice that our local rules allow the government 21 days to respond to a motion.  (D. Kan. Rule 6.1(d)(2).)  Defendant

---

[3] The court in *Lara* ultimately dismissed the indictment after the government failed to comply with the court's earlier order requiring immediate transport and treatment.  *See Lara*, 2023 WL 3316274.

did not request a shortened response time or an expedited hearing, and the government filed a timely response.  (Doc. 27.)  Thus it is clear that if Defendant's motion had been granted, the resulting order to "comply with the statute within seven days" would not have been entered until after the government filed its response.  However, by the time the government responded, it had already complied with the statute by transporting Defendant to FMC Carswell in accordance with the magistrate judge's order.  Thus, in that sense, Defendant has already received the relief she requested and her motion could be denied on the alternative basis that it has become moot.

**III.    Conclusion**

Defendant's motion (Doc. 26) is DENIED.


IT IS SO ORDERED.  Dated this 9th day of  August 2023.

__ s/ John Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE